[640 NYS2d 788]

In the Matter of RICHARD A. SHEPARD (Admitted as RICHARD ALEXANDER SHEPARD), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 8, 1996

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(David C.Y. Cheung* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of the State of New Jersey, dated July 10, 1995, the respondent was suspended from the

practice of law in New Jersey for a period of one year, effective August 1, 1995, until further order of that court, for gross neglect, abandonment of his client, failure to communicate with his client, misrepresentation regarding the status of a litigation matter, and persistent failure to cooperate with the ethics authorities.

On October 13, 1995, a notice pursuant to 22 NYCRR 691.3 (b) was mailed to the respondent, informing him of his right to impose certain enumerated defenses to the imposition of discipline in New York. By letter dated October 21, 1995, the respondent's wife requested an extension of time to respond based upon the assertion that the respondent is currently a resident of Russia and has been for more than a year. Although she planned to obtain the documentation underlying the New Jersey action and to forward that, along with this Court's notice, to her husband, his extensive travel throughout Russia made communications difficult. To date, there has been no further communication from either the respondent or his wife since the adjourned return date of the petitioner's notice pursuant to 22 NYCRR 691.3.

Under the circumstances of this case, the respondent is suspended from the practice of law in this State for one year based upon his suspension in New Jersey.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and THOMPSON, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Richard A. Shepard, is suspended from the practice of law in New York for a period of one year, effective May 20, 1996, and continuing until further order of this Court; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Richard A. Shepard, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.